itors in the collection of their debts, courts would see that no undue advantage was taken. There is nothing in this case to justify the conclusion that Johnson & Co. had any such intention or design. What they did appears to have been done in the legitimate pursuit of the collection of an honest debt, and the advantages obtained by their diligence they must be permitted to enjoy. The estimated value of the goods levied on being greater than was supposed to be necessary to satisfy the execution, the court heretofore, on application, ordered the sheriff to deliver them to the assignee, directing the latter to dispose of them, but to hold the proceeds thereof subject to the order of this court. It is now ordered and adjudged that Chas. F. Lohman, assignee, pay out of the proceeds aforesaid, the amount of the judgment, interests, and costs, of A. Johnson & Co., and that the balance of the proceeds be considered as part of the estate of said bankrupt, and dealt with accordingly.

## Case No. 7,729.

### In re KERR et al.

### [9 N. B. R. 566.] [1]

### District Court, South Carolina.[2]  1873.

BANKRUPTCY — ASSIGNMENT OF HOMESTEAD — HOMESTEAD ACT—AFTER-CONTRACTED DEBTS.

1. The debts of A. were mostly contracted in 1866 and 1867, and an adjudication in bankruptcy, and the assignment of a homestead was prior to the passage of the act of March 3d, 1873 [17 Stat. 577]. *Held,* that the rights of the parties in a proceeding in bankruptcy are fixed at the date of the adjudication and that, at the date of adjudication in this case no homestead in land could have been allowed, as most of the debts were contracted prior to the new constitution of South Carolina, passed in 1868, and the various acts of the legislature, passed in accordance with the provisions of that constitution.

2. Ordered, that the assignment of a homestead be vacated, and that the assignee without delay, sell the lots assigned as a homestead, after giving the usual public notice.

[In the matter of Kerr & Roach, bankrupts.]

BRYAN, District Judge. There are many points raised in this case, only a few of which need be considered, in order to reach a conclusion upon the issue before the court. The following are the admitted facts in the case: (1) The debts due the petitioners were contracted in 1866 and 1867. (2) The adjudication in bankruptcy and the assignment of homestead in land by the assignees in bankruptcy were prior to the passage of the act of the 3d March, 1873. Now without considering the question of how far congress has the power of passing laws of a retrospective effect, that affect rights already vested, I am of the opinion that the rights of the parties

in a proceeding in bankruptcy are fixed at the date of the adjudication. At the date of adjudication no homestead in land could have been allowed to the bankrupts as the debts of Hutchinson and Roach, and also many other creditors had been contracted prior to the constitution of South Carolina of 1868, and the acts of the legislature passed in accordance with the provisions of that constitution. Gunn v. Barry [15 Wall. (82 U. S.) 610]. If no homestead could be allowed under the state laws, it follows, that neither the bankrupt act, nor the act of June, 1872 [17 Stat. 334], can give these bankrupts a homestead in land. The late decision of Bond, J. (In re Dillard [Case No. 3,912]) fully confirms these views. It is, therefore, ordered that the assignment of homestead in land be vacated; and that the assignees do, without delay, sell for cash the lots assigned as homestead, after giving the usual public notice; and that the proceeds of such sale be applied in accordance with the orders heretofore made in this case.

## Case No. 7,730.

### KERR v. FORCE.

### [3 Cranch, C. C. 8.] [1]

### Circuit Court, District of Columbia. Dec. Term, 1826.

PLEADING AT LAW — CONSTRUCTION OF LIBELOUS WORDS—PLEA OF JUSTIFICATION—CONSTRUCTION OF AVERMENTS IN PLEA — EFFECT OF ISSUE JOINED — DEMURRER TO PLEA — JUDGMENT NIL DICIT — LIBEL — CHARGE OF CRIME — MORAL OBLIQUITY.

1. In an action upon the case for a libel, if the plaintiff avers that the words amount to a charge of forgery; and if the words under the circumstances stated in the declaration, are capable of that construction, the defendant, if he would justify, must in his plea justify the words to that extent, and show in his plea, a clear case of forgery.

2. Whether the words are, under the circumstances stated in the declaration, capable of such a construction, is a question of law to be decided by the court.

3. Whether the defendant used them in that sense, and intended thereby to charge the plaintiff with forgery, is a question of fact, arising upon the plea of not guilty, and exclusively to be decided by the jury upon all the circumstances in evidence before them. This question cannot arise upon the issue joined upon the plea of justification, because, by joining issue, the plaintiff has admitted the plea of justification to be good, if true.

4. The rule for construing words in a libel, differs from the rule for construing averments in a plea. In the former case, the rule is that the words shall be understood by the court and jury in that sense which the author intended to convey to the minds of his hearers as evinced by all the circumstances of the case; but the rule of construction as to pleas, and especially as to pleas in justification of libel, is, that they shall be taken most strongly against the party pleading; and that a man shall not justify by intendment; but every thing must be precisely alleged.

5. The court, in considering a plea, cannot infer one fact from another, as a jury may, but

---

[1] [Reprinted by permission.]
[2] [District not given.]

[1] [Reported by Hon. William Cranch, Chief Judge.]